**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ZAMA CAPITAL ADVISORS LP, et al.,     :
                   Plaintiffs,     :
                                         :     24-CV-1577 (MKV) (OTW)
               -against-     :
                                         :     **ORDER**
UNIVERSAL ENTERTAINMENT CORPORATION,     :
et al.,     :
                   Defendants.     :

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of Defendants' letter at ECF 167. As reflected on the transcript from the July 31 status conference (ECF 162-1 at 55:4), discovery closed on September 30, and no party sought an extension or renewed any disputes from their August 28 letter[1] in advance of that deadline.

---

[1] On March 31, 2025, Judge Vyskocil issued a 67-page Opinion and Order in which she denied Defendants' motion to strike certain allegations in Plaintiffs' amended complaint which Defendants claimed were "immaterial, impertinent, and scandalous." (ECF 123 at 58). After issuing that Opinion and Order, Judge Vyskocil referred this matter to me for general pretrial management and "additional discovery disputes which may arise." (ECF 135). On July 31, during a 2-hour status conference, Plaintiffs argued that their discovery requests need not be modified because "…in the motion to dismiss opinion[,] Judge Vyskocil is clear those issues are relevant…she stated that the [Court] can't say at this stage that the allegations are not relevant…it goes squarely to the claims that we have alleged. I will leave it at that." (ECF 161-2 at 49). Nevertheless, I told Plaintiffs to narrow their requests, finding some of them "were really overbroad." (ECF 161-2 at 50). Subsequently, Plaintiffs refused to narrow their requests, arguing "Judge Vyskocil already held in denying Defendants' Motion to Strike that a majority of the exact topics and issues raised by these requests are relevant and thus appropriate subjects of discovery" (sic). (ECF 164 at 3) (emphasis added). I have scoured Judge Vyskocil's thorough 67-page Opinion and Order to find her "holding" on Plaintiff's discovery requests, but have found no mention of Plaintiff's discovery requests; this is not surprising since Defendants' first responses and objections were not served on Plaintiffs until a month after Judge Vyskocil ruled on Defendants' motion to strike. (*See* ECF 133-1) Moreover, even Judge Vyskocil's denial of Defendants' motion to strike is hardly the ringing endorsement that Plaintiffs claim: "the Court is not prepared to find [Plaintiffs'] allegations have 'no possible bearing' on the subject matter of Plaintiffs' claims." (ECF 123 at 59). In any event, in refusing to narrow their requests, Plaintiffs also failed to "talk about proportionality" as I had directed at the conference. (ECF 161-2 at 52). *See* Fed. R. Civ. P. 26(b)((1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.")

Accordingly, ECF Nos. 167, 159, and 143 are **DENIED AS MOOT**.

Finally, I am troubled to learn from Defendants' motion for sanctions (ECF 165), rather than from Plaintiffs' counsel directly, that Plaintiffs' counsel may have a conflict with their client. (*See* ECF 165-1). Because it is well-established that a corporation cannot appear *pro se*, and must be represented by a lawyer, Plaintiffs are directed to clarify their representation no later than their post-discovery appearance before Judge Vyskocil on October 30. *See Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006).

The Clerk of Court is respectfully directed to close ECF Nos. 143, 159, and 167.

**SO ORDERED.**

Dated: October 6, 2025
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

2